J-S45010-14

2014 PA Super 175

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SINCERITY JOHNSON, | |
| Appellant | No. 474 EDA 2013 |

Appeal from the Judgment of Sentence September 18, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004422-2012

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

OPINION BY BOWES, J.:                             **FILED AUGUST 20, 2014**

Sincerity Johnson appeals from her September 18, 2012 judgment of concurrent sentences of one year of probation, which were imposed after she was convicted of hindering apprehension or prosecution and obstructing administration of law. She challenges the sufficiency of the evidence supporting her convictions. We reverse in part and affirm in part.

We summarize the facts giving rise to Appellant's convictions.[1] On September 15, 2011, at approximately 12:00 noon, twenty FBI agents and United States Marshals went to an apartment located in a building at 633

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant appealed to the Philadelphia Court of Common Pleas following her conviction at a bench trial in the Philadelphia Municipal Court. Our summary of the facts is gleaned from the transcript of the trial *de novo*.

West Rittenhouse Street, Philadelphia, to execute an arrest warrant for Rodney Thompson. Appellant shared the apartment with her mother. The law enforcement officers knocked, announced that they were police officers, and stated that they had a warrant. Initially, there was no response. After knocking a second time, Appellant inquired who they were. Upon being informed again that they were police officers with a warrant, Appellant told them to wait while she dressed. After five minutes, the officers heard someone running within the apartment, and they attempted to force open the door, but stopped when Appellant did so. When questioned, Appellant denied that there was anyone else in the apartment; after being shown a photograph of Thompson, she denied knowing him.

The law enforcement officers noticed that a window was open and that the subject of the warrant was running on the second floor roof of the apartment. Thompson was apprehended behind the apartment building. Appellant was taken into custody and charged with hindering apprehension, a third-degree felony, and obstructing administration of law, a misdemeanor.

The felony hindering apprehension charge subsequently was reduced to a misdemeanor, and the case was transferred to Municipal Court for disposition. Appellant was found guilty by the court and sentenced to six months supervised probation. Appellant appealed to the court of common pleas for a *de novo* trial. The Commonwealth filed a criminal information charging that Appellant "hindered apprehension or prosecution of another for

crime or violation of the terms of probation, parole, intermediate punishment" by harboring and concealing the other as prohibited under § 5105(a)(1). Criminal Information at 1.[2]

Appellant waived her right to a jury trial and proceeded non-jury. She testified that the police were at her door for "maybe two minutes" before she unlocked the door. N.T., 9/18/12, at 28. She maintained that the officers did not tell her that they had an arrest warrant or identify the subject of the document. Appellant denied that she was attempting to delay police so that Thompson could escape, and portrayed him as an uninvited guest. She ultimately conceded, however, that she and Thompson had dated intermittently but denied that she was pregnant with his child at the time. The court convicted Appellant of both offenses and sentenced her to twelve months reporting probation on the obstruction charge and a concurrent term of twelve months reporting probation on the hindering apprehension charge.

On September 27, 2012, Appellant filed a post-sentence motion for judgment of acquittal and/or a new trial. She challenged, *inter alia*, the legal sufficiency of her convictions. The motion was denied by operation of law on January 28, 2013, and Appellant timely filed the within appeal.

_____

[2] The information further stated that, "the conduct which the actor knew had been charged or was liable to be charged against the person aided would constitute a felony of the first or second degree." ***Id***.

- 3 -

Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

The trial court issued its Rule 1925(a) opinion in which it described Appellant's testimony as "incredulous," "contradictory," and calculated "to protect herself in these criminal proceedings" and "in . . . her relationship with her fiancé, who was present in court." Trial Court Opinion, 11/26/13, at 12-13. The court credited Detective McCusker's testimony that Appellant's delay of five to six minutes in opening the door was intentionally calculated to hinder the apprehension of the fugitive who was concealed in Appellant's apartment. Appellant was found guilty, not only based on her false statements to police, but because, under the totality of the circumstances, she employed "intentional tactics" "in order to delay the entry of law enforcement into her apartment, thereby providing time for the person for whom the arrest warrant was issued to escape from the apartment[.]" *Id*. at 2. For purposes of the obstruction charge, the locked door was "a physical obstacle" "intended to obstruct and impair law enforcement's efforts to execute the arrest warrant." *Id*. at 16.

Appellant presents two issues for our review:

1. Was not the evidence insufficient to sustain the conviction of hindering apprehension or prosecution in that the Commonwealth failed to present evidence relating to the alleged warrant, and therefore it did not prove an element of the offense because it failed to demonstrate that the person they were seeking was wanted for a crime or violation of probation or parole, as required by statute 18 Pa.C.S. § 5105?

- 4 -

2. Was not the evidence insufficient to sustain the conviction of obstructing administration of law in that the defendant's momentary need to get dressed before opening the door for police and then providing false answers in response to questions by law enforcement officers was not force, violence, or physical interference or obstacle, as required by statute 18 Pa.C.S. § 5101?

Appellant's brief at 3.

In reviewing a challenge to the sufficiency of the evidence, we apply the following standard.

> There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. **Commonwealth v. Markman**, 591 Pa. 249, 916 A.2d 586, 597 (Pa. 2007). The Commonwealth may sustain its burden "by means of wholly circumstantial evidence." **Id**. at 598. Further, we note that the entire trial record is evaluated and all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence. **Id**.

**Commonwealth v. Morales**, 2014 Pa. LEXIS 1064 (Pa. 2014).

Appellant claims that her conviction for hindering apprehension or prosecution cannot stand because the Commonwealth did not present any evidence of the offender's underlying crime. She avers that this is an element of that offense and the Commonwealth's failure to introduce the arrest warrant or offer testimony regarding Thompson's purported crime renders her conviction infirm pursuant to 18 Pa.C.S. § 5105(a)(1). She posits that it is just as likely that the warrant was one issued to a material

witness for a federal grand jury, which would not satisfy the requirements of § 5105.[3]

The Commonwealth counters that evidence of the underlying crime prompting official action is not required to sustain the conviction, and that Appellant fails to cite any authority articulating such a requirement. Alternatively, it contends that Appellant's testimony that Thompson had threatened to kill her if she called the police was "an indication that Thompson was a felon and not merely a reluctant witness." Commonwealth's brief at 7. Moreover, the Commonwealth maintains that it is not required to disprove potential defense theories in its case-in-chief, *i.e.*, that the arrest warrant was not a material witness warrant, "unless and until an affirmative defense negating a specific element of the crime had been presented." *Id*. (citing **Commonwealth v. Weis**, 611 A.2d 1218, 1225 (Pa.Super. 1992)).

The law is well settled that penal statutes must be strictly construed in favor of the accused. **Commonwealth v. Cunningham**, 375 A.2d 66 (Pa.Super. 1977). The offense described in § 5105, hindering apprehension or prosecution provides:

> (a) Offense defined. --A person commits an offense if, **with intent to hinder the apprehension, prosecution, conviction**

---

[3] "A material witness warrant secures a witness's presence at a trial or grand jury proceedings." **Simon v. City of New York**, 727 F.3d 167, 172 (2d Cir. 2013).

**or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition**, **he**:

      (1) **harbors or conceals the other**;

      (2) provides or aids in providing a weapon, transportation, disguise or other means of avoiding apprehension or effecting escape;

      (3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence;

      (4) warns the other of impending discovery or apprehension, except that this paragraph does not apply to a warning given in connection with an effort to bring another into compliance with law; or

      (5) provides false information to a law enforcement officer.

(b)  Grading.  --The offense is a felony of the third degree if the conduct which the actor knows has been charged or is liable to be charged against the person aided would constitute a felony of the first or second degree. Otherwise it is a misdemeanor of the second degree.

18 Pa.C.S. § 5105[4] (emphasis supplied).

_____

[4]  The comments to Model Penal Code § 242.3, which served as the prototype for 18 Pa.C.S. § 5105, explain that the drafters intended to "depart from the harsh tenets of the common law regarding 'accessories after the fact,' whose culpability was derivative from, and equivalent to, that of their principals." ***Commonwealth v. Lore***, 487 A.2d 841, 854 (Pa.Super. 1984). ***See also*** Official Comment to 18 Pa.C.S. § 5105. Thus, they shifted the focus of culpability to the person aiding the other, and to his or her state of mind. ***Lore***, ***supra*** at 854. Whether the offense is graded as a felony or misdemeanor depends on the aider's knowledge of the other's crime. In order to be charged with the felony, the aider need only know that
*(Footnote Continued Next Page)*

While there is case law interpreting § 5105, the specific argument advanced by Appellant herein has seldom been advanced. A similar position was articulated by the defendant in **Commonwealth v. Patterson**, 390 A.2d 784 (Pa.Super. 1978). Therein, defendant was convicted of hindering apprehension or prosecution based on his volunteering of false information to police regarding the mayor's attorney's use of a surveillance kit to eavesdrop on interviews.[5] This Court agreed with the defendant that, even if the evidence was sufficient to show that he volunteered false information, there was insufficient evidence that he was "hindering the apprehension, prosecution, conviction or punishment **of another for crime**," since the eavesdropping was not criminal in nature. **Id**. at 787 (emphasis original).

**Patterson** suggests that evidence that the other person committed a crime or was wanted in connected with a crime is an element of the offense that must be proved beyond a reasonable doubt. We find additional support for Appellant's position in Pa.SSJI (Crim) § 15.5105B - HINDERING

_(Footnote Continued)_ ⸻⸻⸻⸻⸻

the other's conduct is a more serious felony. **See** Model Penal Code § 242.3 comment 6 (1980).

[5] The predecessor to the current statute, paragraph (5) prohibited volunteering false information to law enforcement. We held in **Commonwealth v. Gettemy**, 591 A.2d 320, 323 (Pa.Super. 1991), that giving false and misleading answers to police inquiries was not proscribed by that language. The provision was intended to reach those who took the initiative in misleading law enforcement.

APPREHENSION OR PROSECUTION—MISDEMEANOR. The suggested jury instruction provides as follows:

> 1. The defendant has been charged with the misdemeanor offense of hindering [apprehension] [prosecution] [other offense]. To find the defendant guilty of this offense, you must find that each of the following two elements has been proven beyond a reasonable doubt:
>
> First, that the defendant [harbored or concealed [item]] [provided or aided in providing [a weapon] [transportation] [disguise] [means of avoiding apprehension or effecting escape] [other provision]] [concealed or destroyed evidence of the crime] [tampered with a [witness] [informant] [document] [source of information] [item]] [warned [name of offender] of impending discovery or apprehension] [volunteered false information to a law enforcement officer] [action];
>
> **Second, that the defendant did so with intent [or conscious purpose] to hinder the [apprehension] [prosecution] [conviction] [punishment] of [name of offender] for the crime.**

Pa. SSJI (Crim.) § 15.5105B. (emphasis supplied).

We note further that where a person is charged with the felony offense of hindering apprehension, there is a third element that must be proven. The Commonwealth must establish that the actor knew that the conduct charged against the aided person or which was liable to be charged against the aided person, would constitute a felony of the first or second degree. ***See*** Pa.SSJI (Crim.) § 15.5105A.[6] Thus, the nature of the offense charged

_____

[6] The Pa. Suggested Standard Jury Instruction for the felony hindering apprehension or prosecution charge recites that the offense contains three elements, each of which has to be proven beyond a reasonable doubt:
*(Footnote Continued Next Page)*

*(Footnote Continued)* ———————————

First, that the defendant [harbored or concealed [item]] [provided or aided in providing [a weapon] [transportation] [disguise] [means of avoiding apprehension or effecting escape] [other provision]] [concealed or destroyed evidence of the crime] [tampered with a [witness] [informant] [document] [source of information] [other item]] [warned [name of offender] of impending discovery or apprehension] [provided false information to a law enforcement officer] [action];

Second, that the defendant did so with intent to hinder the [apprehension] [prosecution] [conviction] [punishment] of [name of offender] for the crime; [or]. for violating the terms of probation, parole, intermediate punishment, or accelerated rehabilitative disposition; and [Where applicable:]

Third, that the defendant knew [name of offender] [had been charged] [or] [was liable to be charged] with conduct that would constitute a felony of the first or second degree. It is not necessary that the defendant knew the conduct would constitute a felony. It is sufficient if the defendant knew that [name of offender] [had been charged] [or] [was liable to be charged] with certain conduct as long as such conduct, regardless of whether the defendant knew it or not, would actually amount to a felony of the first or second degree. I instruct you that the following conduct would amount to a felony of the [first] [second] degree.

[2. As I told you, you cannot find the defendant guilty unless you find that [he] [she] had the intent to hinder the [apprehension] [prosecution] [conviction] [punishment] of [name of offender]. for the crime; [or] for violating the terms of probation, parole, intermediate punishment, or accelerated rehabilitative disposition.

It is not necessary that an intent to hinder was [his] [her] sole purpose. [He] [She] may have had other purposes or motives. However, to be guilty, [he] [she] must have acted with a conscious purpose to hinder the authorities.]

[3. You will note that there is no requirement that [name of offender] had actually committed any crime or that the

*(Footnote Continued Next Page)*

or liable to be charged against the aided person is determinative of the grading of the offense and the proof required. Hence, the legislature demonstrated an intent to differentiate the offenses based upon the underlying crime.

Pennsylvania's statute is almost verbatim to the Model Penal Code ("MPC") version of the hindering apprehension or prosecution statute. "The remaining offenses against public administration are collected in Article 242 under the rubric of obstructing governmental operations. The specific crimes defined in Article 242 are not interdependent, but each involves conduct by which the actor attempts some interference with the administration of justice or other governmental operation." Model Penal Code § 242.3 Explanatory Note.

*(Footnote Continued)* ——————

> defendant believed that [name of offender] had committed any crime in order to find the defendant guilty. The essence of the offense with which the defendant is charged is interference with the processes of justice. A person who aids another in an effort to hinder the [police] [authorities] can interfere with the processes of justice regardless of whether he or she believes the other person is guilty or whether the other person is actually guilty of any crime.]
>
> 4. If you are satisfied that the three elements of the felony offense of hindering [apprehension] [prosecution] [action] have been proven beyond a reasonable doubt, you should find the defendant guilty. Otherwise, you must find the defendant not guilty of this crime.

Pa.SSJI (Crim.) § 15.5105A.

The New Hampshire hindering apprehension or prosecution statute is also drawn from section 242.3 of the Model Penal Code (MPC). **State v. Brown**, 930 A.2d 410, 413-414 (N.H. 2007). That state's highest court explained how the offense

> "covers the common-law category of accessory after the fact but breaks decisively with the traditional concept that the accessory's liability derives from that of his principal. Thus, under the Model Code provision [242.3], one who harbors a murderer is not made a party to the original homicide but is convicted, as he should be, for an independent offense of obstruction of justice." Model Penal Code, Introductory Note for Article 242, at 199 (1980). "[This] approach dispenses with many of the common-law elements[,] [including] knowledge of the identity of the perpetrator, knowledge of the underlying felony, and . . . even the requirement that a felony actually have been committed . . . ." **Commonwealth v. Perez**, 437 Mass. 186, 770 N.E.2d 428, 433 (Mass. 2002) (parentheses omitted) citing Model Penal Code & Commentaries § 242.3, comment 3, at 229, 230. The approach "focuses instead upon whether the defendant purposely hindered law enforcement." **Perez**, 770 N.E.2d at 433.

*Id*. at 413-414. The court's instruction to the jury in that case, *i.e.*, that the State needed to prove beyond a reasonable doubt "that the defendant harbored Mark Soto in his residence while members of the Nashua Police Department were searching for Mr. Soto in connection with a robbery, [and] that the defendant acted with a purpose to hinder the apprehension of Mark Soto for commission of a crime[,]" was legally correct.

Other states that have adopted the MPC version of the hindering apprehension statute view the aided person's crime as an element of the offense. In **State v. Mootispaw**, 492 N.E.2d 169, 171 (Ohio App. 1985),

the defendant was charged with hindering prosecution for writing an anonymous false letter to police in a deliberate attempt to convince the authorities to terminate the prosecution of her husband. At the conclusion of the State's case, she moved for judgment of acquittal alleging there was no proof of the commission of a crime by her husband, the person whose prosecution she was charged with hindering. The State offered evidence that the defendant's husband was charged with a crime, *i.e.*, that a bottle of wine had been stolen and that husband was the thief. The court acknowledged that, "one cannot hinder the prosecution or conviction of another for crime unless a crime has actually occurred." **Id**. at 171. However, a conviction was not required, as that would emasculate the intent of the statute. Evidence that the other person in that case was charged with a crime and that the defendant hindered his apprehension, prosecution or conviction was sufficient.

In **King v. State**, 76 S.W.3d 659, 662 (Tex. App. 2002), the hindering apprehension statute subjected one to criminal liability for conduct intended "to hinder the arrest, prosecution, conviction, or punishment of another for an **offense.**" TEX. PEN. CODE ANN. § 38.05 (Vernon Supp. 2001) (emphasis in original). The State introduced the parole violation warrant for the other person, which recited therein that he had been convicted of a felony offense for which he was sentenced to the Texas Department of Criminal Justice. The defendant argued that this warrant was insufficient to

show that the other was being sought for "an offense" as a parole violation was not defined as an offense.[7] The court disagreed, reasoning that, "a warrant for a parole violation is merely a revocation of the parolee's administrative release. In other words, when a parolee is arrested for a parole violation, he is apprehended for the same offense for which he had previously been convicted and imprisoned." *Id*. That court concluded that although the specific offense was an element of the crime charged, and it was not specified in the warrant, the evidence was sufficient to show that police were seeking to arrest or punish the aided person for "an offense," and the jury could reasonably find that the essential elements of hindering apprehension were established.

Instantly, Detective McCusker testified that he was assigned to the FBI Fugitive Task Force, and that he and approximately twenty-four other law enforcement officers went to Appellant's apartment to "serve a warrant." N.T. Trial (Waiver), 9/18/12, at 8. They knocked at the door, "announced we were police officers and we had a warrant." *Id*. at 9. Initially, there was no response. They knocked again, and a female voice inquired who they were. Again, "we stated we were police officers and had a warrant[.]" *Id*. The voice responded "Hold on, I have to get dressed." *Id*. Detective

_____

[7] In contrast, the Pennsylvania hindering apprehension statute was amended in 1996 to expressly provide that it is a violation to hinder apprehension of another who is a parole violator.

McCusker testified that after waiting for five minutes, "we could hear running down a long hallway inside the apartment." *Id*. They started to force open the door, again identified themselves as police officers with a warrant, and at that point, Appellant opened the door. The detective asked her if anybody else was in the apartment and she said no. *Id*. When shown a picture of the male they "were looking for," she stated that she did not know him. The detective told her they had a federal warrant for the man. Detective McCusker and the other officers proceeded into the apartment. Through an open window, the detective observed Rodney Thompson running on the second floor roof of the apartment and he notified other officers who apprehended him.

The Commonwealth offered no evidence as to why Thompson was wanted or whether it was in connection with a crime, or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition. It did not place the warrant into evidence and no witness testified regarding Thompson's purported crime. In essence, although the Commonwealth offered evidence from which one might infer that Appellant intended to hinder the apprehension of Thompson, it did not offer proof that Thompson was being sought for commission of a "crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition[.]" 18 Pa.C.S. § 5105(a)(1). The fact that the Commonwealth offered evidence that police officers apprised

- 15 -

Appellant that they had a federal warrant, even an arrest warrant, was not enough to satisfy this element. Nor do we find persuasive the Commonwealth's argument that Thompson's threat to kill Appellant constituted circumstantial evidence that he was an outstanding felon. In short, the Commonwealth failed to prove an element of the offense: that Thompson was being sought for commission of a crime or any of the statute's other enumerated violations. Hence, we reverse that conviction.

Appellant contends that her conviction for obstructing the administration of law or other governmental function, in violation of 18 Pa.C.S. § 5101, is also infirm. She points to the fact that she never physically blocked the officers from doing their duty or even verbally refused to admit them. She maintains that her original hesitancy in responding can be attributed to suspicion that it was not really the police at her door. Any further delay was due to her desire to change into more modest attire before answering the door. Finally, any false information provided to police occurred after they entered her apartment "did not obstruct the administration of law by force, violence or physical interference or obstacle as required by § 5101." Appellant's brief at 14.

Title 18 Pa.C.S. § 5101 states: "A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other

unlawful act[.]" The trial court concluded that Appellant's intentional delay in opening the door constituted physical interference or an obstacle to execution of the arrest warrant.

Evidence that one has physically impeded a law enforcement officer from administering the law has been held sufficient to sustain a conviction under § 5101. *See Commonwealth v. Conception*, 657 A.2d 1298 (Pa.Super. 1995) (appellant blocked door of her apartment to prevent the police from entering to apprehend fugitive who was hiding in the shower stall); *Commonwealth v. Reed*, 851 A.2d 958, 963-64 (Pa.Super. 2004) (defendant attempted to obstruct the pathway of a uniformed police officer in the common area of an apartment house after the officer had exclaimed to the defendant: "Just let me get by and do my job."); *Commonwealth v. Love*, 896 A.2d 1276, 1284-1285 (Pa.Super. 2006) (defendant, in an attempt to interfere with the law enforcement officer who was escorting his wife from the courtroom, placed his arm across court officer's chest and attempted to push him).

The interference need not involve physical contact with the government official as he performs his duties. *Commonwealth v. Scarpone,* 634 A.2d 1109, 1113 (Pa. 1993). *See also Commonwealth v. Mastrangelo*, 414 A.2d 54 (Pa. 1980), (upholding a § 5101 conviction based on the defendant's verbal abuse of a parking enforcement officer upon

receiving a parking ticket, which then deterred the officer from subsequently performing the job).

In **Commonwealth v. Trolene**, 397 A.2d 1200 (Pa.Super. 1979), we sustained appellant's obstruction conviction based on his traveling to the chambers of a trial judge and making statements to the judge that were intended to influence his decision in a pending criminal matter involving a third party. Noting that Pennsylvania's § 1501 is substantially based on the Model Penal Code section 242.1, we relied on the comment to that section stating that the "provision is designed to cover a broad range of behavior that impedes or defeats the operation of justice." **Id**. at 1202.

Most recently, in **Commonwealth v. Snyder**, 60 A.3d 165 (Pa.Super. 2013), we again examined the physical interference requirement of the statute. Snyder went to the home of another and informed that person that the police intended to execute a search warrant on his residence. Snyder argued that this conduct could not be classified as physical interference or obstacle within the meaning of the statute since he "did not use force or violence, physically interfere with or obstruct the execution of the search warrants, breach an official duty, or commit any other unlawful act." **Id**. at 176.

In **Snyder**, this Court preliminarily noted that the statute did not define "physical" interference. We found **Trolene**, **supra**, particularly apt and relied upon it in holding that evidence that the defendant actively

- 18 -

traveled to another's residence to tell him about the impending search warrants was sufficient to support the conviction for obstructing the administration of law by "physical interference." *Id*.

Conduct intended to obstruct police from ensuring that public streets were open for safe vehicle and pedestrian traffic established a *prima facie* case of obstruction of administration of justice pursuant to 18 Pa.C.S. § 5101 in *Commonwealth v. Ripley*, 833 A.2d 155 (Pa.Super. 2003). In that case, protesters physically linked themselves together with lock-boxes covered in tar and chicken wire. This Court concluded that since the sole purpose was to impede police efforts to disperse them, the Commonwealth stated a *prima facie* case for conspiracy to obstruct administration of justice.

The trial court herein concluded that Appellant intentionally delayed in opening the locked door to an announced police presence in order to permit Thompson to escape apprehension. This, according to the fact-finder, constituted physical interference or an obstacle to execution of the warrant. We agree, and find the evidence sufficient to sustain the conviction.

Judgment of sentence reversed in part and affirmed in part.[8] Jurisdiction relinquished.

_____

[8] Since the sentence imposed on the hindering apprehension charge runs concurrently to an identical sentence imposed on the obstruction charge, our disposition does not affect the overall sentencing scheme and no remand is necessary for a new sentencing. *Commonwealth v. Rivera*, 2014 PA Super 140 (Pa.Super. 2014).

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014