J-S63021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DIANE MASON, | |
| Appellant | No. 1936 EDA 2013 |

Appeal from the Judgment of Sentence June 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001208-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                   **FILED OCTOBER 21, 2016**

Appellant, Diane Mason, appeals from the judgment of sentence entered June 25, 2013, in the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the facts of this case as follows:

> On January 12[th] of 2012, at around 7:15 p.m., Officer Barry Stewart was conducting surveillance for illegal sales of narcotics in the area of the 900 block of North 43[rd] Street.  Officer Steward observed [Appellant] at that location with an unidentified man.  At approximately about [sic] 7:30 p.m., an unidentified woman approached [Appellant] and the unidentified man and they had a brief conversation.  The unidentified woman gave United States currency to [Appellant].  [Appellant] walked eastbound on Otter Street out of view for approximately about [sic] a minute while the unidentified man and woman stayed on location.  [Appellant] returned and gave unknown object to the

---

[*]  Former Justice specially assigned to the Superior Court.

unidentified woman in a hand-to-hand motion. The woman then walked southbound on 43rd Street. Immediately after this transaction, [Appellant] gave the unidentified male Unites States currency. The unidentified woman could not be located by backup officers.

At approximately 7:45 p.m., a black male, later identified as Arthur Stanford approached [Appellant] and the unidentified male. Mr. Stanford had a brief conversation with the two individuals and then he handed Unites States currency to [Appellant]. [Appellant] walked eastbound on Otter Street and was out of view for about a minute. [Appellant returned and gave Mr. Stanford unknown objects in a hand-to-hand motion. Mr. Stanford then walked northbound on 43rd Street.

Pursuant to Officer Stewart's description, Officer Tamika Allen stopped a Mr. Stanford at 900 North Belmont Avenue. Officer Allen observed Mr. Stanford discard items from his right hand which Officer Allen recovered. The items were three light orange packets containing crack cocaine.

After the transaction with Mr. Stanford, [Appellant] and the unidentified man walked southbound on 43rd Street out of view. At about 8:30 p.m., [Appellant] returned and was arrested.

Trial Court Opinion, 1/7/16, at 2-4.

The trial court summarized the procedural history of this case as follows:

On January 12, 2012, [Appellant] was arrested and charged with Possession of a Controlled Substance with the Intent to Distribute (35 Pa. Stat. Ann. § 780-113(A)(30)) ("PWID") and Knowing and Intentional Possession of a Controlled Substance (35 Pa. Stat. Ann. § 780-113(A)(16))("K & I"). On September 4, 2012, after a trial, this [c]ourt, sitting without a jury, convicted [Appellant] of both charges. Sentencing was deferred for the completion of a presentence and mental health report.

On November 14, 2012, [Appellant] filed a Motion for Extraordinary Relief. On December 5, 2012, [Appellant] filed a

Motion for New Trial Based Upon After Discovered Evidence. This [c]ourt held multiple hearings on these Motions. On January 25, 2013, this [c]ourt denied [Appellant's] Motion for Extraordinary Relief. On April 26, 2013, this [c]ourt denied [Appellant's] Motion for a New Trial. That same day, this [c]ourt sentenced [Appellant] to two to four years of incarceration and a consecutive term of two years of probation on the PWID charge.

On May 3, 2013, [Appellant] filed a Post Sentence Motion. This [c]ourt granted a hearing on [Appellant's] Motion and on [June] 25, 2013, after a hearing, this [c]ourt vacated [Appellant's] original sentence and sentenced her to eleven and a half to twenty three months of incarceration and a consecutive term of five years of probation on the PWID charge.

On July 9, 2013, [Appellant] filed a Notice of Appeal. On July 15, 2013, this [c]ourt ordered [Appellant] to submit a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). As the notes of testimony were not ready, this Court granted [Appellant] an extension of time to file a Statement. [Appellant] never filed a Statement. On April 1, 2014, the record was transmitted to the Superior Court without an opinion as the Honorable Judge Powell was no longer sitting as a judge of the Court of Common Pleas. On June 23, 2014, the Superior Court remanded the case for the filing of a Statement and Supplemental Opinion. In its Order, the Superior Court recognized that Judge Powell was no longer sitting and directed the case to be reassigned. The case was never reassigned.

On December 1, 2015, the Superior Court inquired with this Court regarding the status of the case . . . . Once this Court was aware that the case had not been reassigned, on December 2, 2015, this [c]ourt ordered [Appellant] to submit a statement. On December 23, 2015, [Appellant] submitted a timely Statement.

Trial Court Opinion, 1/7/16, at 1-2. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

Was not the evidence insufficient to find [Appellant] guilty beyond a reasonable doubt of the crimes of possession with intent to deliver and simple possession of a controlled substance in that the evidence failed to prove that [Appellant] ever actually possessed or delivered a controlled substance to another person?

Appellant's Brief at 3.

Appellant argues that the evidence was insufficient to find her guilty beyond a reasonable doubt of the crimes of PWID and possession. Appellant's Brief at 9. Specifically, Appellant asserts that the evidence failed to prove that she actually possessed or delivered a controlled substance. *Id.* Appellant maintains that "[n]o money was seized from [Appellant], no drugs were seized from [Appellant] and no stash of drugs was recovered by the police or by [Appellant] or by her alleged unknown companion." *Id.* Despite acknowledging that when the police stopped one of the alleged "buyers" he discarded three packets of crack cocaine, Appellant contends that "[t]here was no direct evidence that [Appellant] delivered cocaine to any individual and the circumstantial evidence supporting such an inference was so speculative that it cannot support a conviction for possession with intent to deliver." *Id.*

Our standard of review for sufficiency of the evidence claims is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test,

- 4 -

we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011).

To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." *Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa. Super. 2008). "The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case." *Commonwealth v. Conaway*, 791 A.2d 359, 362-363 (Pa. Super. 2002). "Factors to consider whether the defendant possessed the drugs with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant." *Id.* at 363.

Regarding the crime of simple possession of narcotics, 35 P.S. § 780-113(a)(16) prohibits

[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or

pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

If the contraband is not found on the defendant's person, the Commonwealth must prove that the defendant had constructive possession of the contraband. ***Commonwealth v. Estepp***, 17 A.3d 939, 944 (Pa. Super. 2011).

> Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Muniz***, 5 A.3d 345, 348-349 (Pa. Super. 2010).

In addressing Appellant's issue, the trial court provided the following analysis:

> Officer Stewart observed [Appellant] engage in two hand-to-hand transactions in which United States currency was exchanged for small objects. After arresting the second buyer, Mr. Stanford, police recovered from him three light orange packets containing crack cocaine. Officer Stewart positively identified [Appellant] as the individual making the hand-to-hand sale to Mr. Stanford. Although [Appellant] did not have cash on her when she was arrested, this is explained by the fact that Officer Steward observed [Appellant] give the unidentified man, who was never found, the proceeds of each sale. This evidence is sufficient to support the finding that [Appellant] possessed and delivered the crack cocaine.

Trial Court Opinion, 1/7/16, at 6.

We agree. The record supports the trial court's analysis. Thus, when viewed in the light most favorable to the Commonwealth as the verdict

winner, the evidence and all reasonable inferences derived therefrom are sufficient to establish all elements of the crimes beyond a reasonable doubt. ***Commonwealth v. Johnson***, 100 A.3d 207, 209 (Pa. Super. 2014). Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016