J-S31001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC SMITH | : | |
| | : | |
| Appellant | : | No. 901 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005410-2019

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 15, 2025**

Eric Smith appeals from the judgment of sentence of eleven months and fifteen days to twenty-three months of imprisonment imposed after a jury convicted him of hindering apprehension or prosecution graded as a third degree felony. He challenges the sufficiency of the evidence supporting his convictions. We affirm.

The certified record sustains the following factual summary:

[At approximately 2:15 p.m. o]n April 11, 2019, Appellant, Shabazz Sweets, Dominic Hylton, and several others were standing outside Appellant's house at 4727 Benner Street in Philadelphia when they spotted Timothy Sherfield amongst a group of four people approaching from the next block over. Just a couple weeks earlier, Sherfield had shot Hylton in the leg while he was at Appellant's house. Two of the individuals standing outside 4727 Benner Street began firing gunshots at Sherfield. Michael Gleba, who was working at a nearby auto shop, was struck by one of the gunshots fired in Sherfield's direction and subsequently died from his injuries. Appellant fled the scene with the two shooters in his Nissan Maxima. Police identified Appellant

and Sweets as suspects involved in the shooting and ultimately apprehended them at Sweets's residence.

Trial Court Opinion, 11/16/23, at 1-2 (parenthetical numbers omitted).

The Commonwealth charged Appellant with murder, attempted murder, criminal conspiracy, aggravated assault, and hindering apprehension or prosecution. He was tried jointly with his cohort Sweets.[1] The Commonwealth presented the testimony of several expert witnesses, lay witnesses, photographic evidence, and a compilation of surveillance recordings. The jury acquitted Sweets of all charges and acquitted Appellant of all charges except for hindering apprehension or prosecution. *Id*. at 2. The trial court imposed the sentence outlined above, awarded credit for time served, and granted immediate parole. This timely appeal followed.

Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925 (b), raising the same claim that he reiterates on appeal as " Whether the evidence was legally insufficient to sustain the jury's verdict?" Appellant's brief at 4.

In reviewing a challenge to the sufficiency of the evidence, we apply the following standard.

---

[1] Sweets was charged with murder, attempted murder, criminal conspiracy, aggravated assault, possessing instruments of crime, and two violations of the Uniform Firearms Act. No charges were filed against Hylton, who the Commonwealth presented as a hostile witness and whose testimony the Commonwealth impeached with prior inconsistent statements given to police after the shooting.

We assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. We must determine whether there is sufficient evidence to enable the fact-finder to have found every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1273-74 (Pa.Super. 2021)

(quoting *Commonwealth v. Dunphy*, 20 A.3d 1215, 1219 (Pa.Super. 2011))

(cleaned up).

Appellant avers that the evidence was insufficient to sustain the conviction for hindering apprehension or prosecution because it did not establish that he harbored Sweets or acted with the requisite knowledge that Sweets had committed an underlying crime. Appellant's brief at 19-22 Appellant argues that the evidence established only that he left the scene of an active shooting with two other individuals. *Id*. at 20. He continues, "th[is] evidence failed to prove beyond a reasonable doubt that it was any of the shooters who entered Appellant's car." *Id*. Appellant also asserts that the record did not establish that he knew of the decedent's injuries prior to fleeing

or demonstrate which party initiated the gunfire. *Id*. at 21. Overall, noting both the potential applicability of the affirmative defenses of justification and self-defense, and the fact that both he and Sweets were acquitted of all the remaining charges, Appellant contends that "the Commonwealth failed to prove beyond a reasonable doubt [that] Appellant was aware that a crime had occurred or that any of the individuals who entered his car were likely the shooters." *Id*. at 21 (emphasis and internal quotations omitted).

A person is guilty of hindering apprehension or prosecution when he, "with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime or violation of the terms of probation, parole, intermediate punishment or Accelerated Rehabilitative Disposition, . . . harbors or conceals the other[.]" 18 Pa.C.S. § 5105(a)(1).[2] When the defendant knows the offense for which the sought-after person is charged with or liable to be charged with to be a first or second-degree felony, then the defendant's own charge is graded as a third-degree felony. If not, then the defendant's own charge is graded as a second-degree misdemeanor. 18 Pa.C.S. § 5105(b).

---

[2] Although the Commonwealth charged Appellant with violating 18 Pa.C.S. § 5105(a)(1) ("harbors or conceals") and the jury convicted him of that specific subparagraph, the trial court's Rule 1925(a) opinion analyzed the evidence under an alternate subparagraph, § 5105(a)(2), which relates to providing aid or transportation to avoid apprehension or effect escape. We address Appellant's challenge to the evidence in relation § 5105(a)(1) ever mindful of our obligations to avoid re-weighing the evidence or substituting our judgment for that of the fact-finder, which was the jury in this case.

- 4 -

The Commonwealth must prove beyond a reasonable doubt that not only did an offense occur to which the aided person is criminally liable to but that the defendant knew of the aided person's liability to that offense, including an inclination as to its grading. **Commonwealth v. Johnson**, 100 A.3d 207, 211-12 (Pa.Super. 2014). Indeed, this knowledge must be specific enough to differentiate between whether the offense was for a crime or a violation of a court order. **Id**. at 211, 214. Lastly, the Commonwealth must offer sufficient evidence to permit the jury to reasonably infer that, knowing the potential criminal liability, Appellant intended for his conduct to "hinder the apprehension, prosecution, conviction or punishment of another." 18 Pa.C.S. § 5105(a)(1).

The Commonwealth need not have direct evidence to obtain a conviction but may secure one "wholly on circumstantial evidence." **Commonwealth v. Bullock**, 170 A.3d 1109, 1119 (Pa.Super. 2017). Likewise, the Commonwealth may prove intent by circumstantial evidence permitting the jury to infer the defendant's intent from his conduct or the factual situation surrounding the offense at issue. **Id**. This is because "intent is a subjective frame of mind; it is of necessity difficult of direct proof." **Id**. (quoting **Commonwealth v. Matthews**, 870 A.2d 924, 929 (Pa.Super. 2005)).

For the following reasons, we conclude that: the Commonwealth proffered sufficient evidence to prove beyond a reasonable doubt that: (1) a crime occurred; (2) those criminally liable were among Appellant's group

outside his residence, (3) the perpetrator is liable for a first-degree felony; and (4) Appellant harbored the assailant knowing his criminal liability.

First, the evidence was sufficient to establish that two shooters were with Appellant and his group outside of his residence at 4727 Benner Street.[3] Officer Craig Perry testified on behalf of the Commonwealth that he recovered seventeen fired cartridge casings from the crime scene in front of Appellant's residence and a line of adjacent garages. N.T., 12/7/23, at 193-96, 211-14, 218-227. Officer Robert Stott, an expert witness in the field of firearms and tool mark examinations for the Commonwealth, testified that two different calibers were found among the seventeen fired cartridge casings recovered: ten .45 auto and seven .40 Smith & Wesson caliber. N.T., 12/8/22, at 49. Hence, he believed that two separate firearms were discharged at that location. *Id*. at 54. Furthermore, Officer Stott testified that, based on his observation of the surveillance video of the shooting and the photographs taken of the seventeen fired cartridge casings, it was unlikely that if Sherfield's group had fired any shots as they approached from one block away, that their fired cartridge casings would have landed among the seventeen that were

---

[3] Appellant neither contested that a shooting occurred nor that he was present outside 4727 Benner Street at the time of the shooting. *See* Appellant brief at 20-22. Instead, Appellant attempts to cast doubt as to the criminal liability of the shooters, implying that this is a case of self-defense in which he was a collateral participant. *See* Appellant brief at 20-22. For the reasons articulated in the body of this memorandum, we are not persuaded by these arguments.

recovered near Appellant's residence. *Id*. at 64. This evidence, when viewed in the light most favorable to the Commonwealth, sufficed for the jury to conclude that there were two shooters from among the group outside of Appellant's home.

Likewise, the evidence was sufficient to prove beyond a reasonable doubt that a crime occurred and that the two shooters in Appellant's group were criminally liable for murder of the third degree pursuant to 18 Pa.C.S. § 2502(c), which our High Court has summarized thusly:

> To convict a defendant of the offense of third[-]degree murder, the Commonwealth need only prove that the defendant killed another person with malice aforethought. This Court has long held that malice comprehends not only a particular ill-will, but also a wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured.

*Commonwealth v. Fisher*, 80 A.3d 1186, 1191 (Pa. 2013) (citation omitted).

In this immediate case, the jury may reasonably infer from the Commonwealth's evidence that by discharging seventeen projectiles on an active urban residential street during mid-afternoon, the shooters from Appellant's group demonstrated both malice to the safety of others, namely Sherfield's group and any innocent bystanders such as the victim, Michael Gleba, and a conscious disregard of social duty and the high risk of serious bodily injury. As it is of no moment that Mr. Gleba was not the intended target,

the Commonwealth presented sufficient evidence to prove beyond reasonable doubt that the conduct constituted murder of the third degree.[4]

Appellant attempts to challenge criminal liability by citing favorable testimony that someone in Sherfield's group was the aggressor and by referencing the court's discussion with counsel concerning a potential self-defense instruction. Appellant's brief at 21; N.T., 12/9/22 at 114-117, 142-148. However, this argument finds no purchase here. As a preliminary matter, the certified record transmitted on appeal does not include the jury instructions so we are unable to determine whether the trial court believed the justification instruction was warranted. More importantly, Appellant concedes that the certified record does not establish which group initiated the firefight. *See* Appellant's brief at 21. Given that the evidence must be viewed in the light most favorable to the Commonwealth, with all reasonable inferences proceeding from it, Appellant's challenge to the Commonwealth's

_____

[4] At a minimum, the two assailants were criminally liable for second-degree felony aggravated assault with a deadly weapon, which a person commits where he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." 18 Pa.C.S. § 2702(a)(4), (b). Aggravated assault requires the perpetrator to possess a malicious mind which means "where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for an unjustified and extremely high risk that his actions might cause death or serious bodily harm." **Commonwealth v. Packer**, 168 A.3d 161, 168 (Pa. 2017). Here, evidence that the two attackers fired seventeen shots on an active city street demonstrates a conscious disregard for the extremely high risk that their actions would cause death or serious bodily harm. As a second-degree felony, aggravated assault with a deadly weapon also satisfies the threshold to charge hindering apprehension or prosecution as a felony pursuant to § 5105(b).

evidence is unpersuasive. Nothing in the record undermines the evidence-based inference that Appellant's group initiated the shooting without justification. As a result, the evidence sufficiently supported a finding that the shooters were criminally liable for third-degree murder.

We next examine whether the evidence is sufficient for the jury to reasonably infer that Appellant intended to hinder the apprehension of the shooters. In proving intent, the Commonwealth must provide sufficient evidence for the jury to infer beyond a reasonable doubt that Appellant knew that a crime occurred, that the aided person was criminally liable, and that the grading of the underlying crime was a second or first-degree felony. **See Johnson**, 100 A.3d at 211-12, 214.

Appellant argues that insufficient evidence was presented to prove that he knew of his cohorts' involvement in the underlying crime or that he knowingly drove them away with the intent to impede apprehension. Appellant's brief at 20-21. In support of this position, he notes his lack of knowledge of Mr. Gleba's fatal injuries, reiterates the favorable evidence that suggests that Sherfield's group initiated the violence, and reasons that inferences drawn from the inconsistent jury verdicts preclude any finding of intent. **Id**. at 20-22. We address the components of this argument *seriatim*, and for the following reasons, we reject it.

First, Appellant's immediate knowledge of Mr. Gleba's injuries is irrelevant. To uphold the conviction for hindering apprehension or prosecution

the Commonwealth was tasked only with establishing Appellant's knowledge of the underlying offense to which his cohorts were potentially criminally liable, *i.e.*, murder of the third degree, for shooting wildly on an active city street. ***See*** 18 Pa.C.S. § 5105(a). Furthermore, in utter contravention of our well-ensconced standard of review requiring that we examine the evidence in the light most favorable to the Commonwealth as the verdict winner, Appellant insists upon invoking sympathetic testimony to undermine the Commonwealth's evidence. However, as previously discussed in rejecting his prior invocation of self-defense in this context, the evidence, when viewed in the light most favorable to the Commonwealth, supported the finding that Appellant, while present at the scene on an urban street, knew that a crime occurred when two people from among his group brandished pistols in a public city street and opened fire on several people without justification. Hence, the jury reasonably inferred from the evidence that Appellant knew the shooters were potentially criminally liable for third-degree murder and that such a crime was a felony of the first degree. ***See Commonwealth v. Lore***, 487 A.2d 841, 854 (Pa.Super.1984) (knowledge that assailant shot and killed victim was sufficient to grade hindering prosecution as felony).

Likewise, the evidence established that defendant harbored the two shooters with the intent of hindering their apprehension by fleeing from the scene of the shootout. The surveillance video that the Commonwealth presented during trial showed Appellant, having just witnessed his cohorts

discharge several rounds at Sherfield, the intended victim, depart the crime scene with Sweets and the other unidentified shooter in his car. Based on this evidence, the testimony that the Commonwealth presented at trial, and all reasonable inferences drawn therefrom, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Appellant committed felony hindering apprehension or prosecution.

Finally, as to the relevance of the inconsistency between Appellant's conviction for hindering apprehension or prosecution and his acquittals on the remaining charges, we reject Appellant's contention that "the Commonwealth failed to prove beyond a reasonable doubt Appellant was aware that a crime had occurred or that any of the individuals who entered his care were likely the shooters." Appellant's brief at 21 (emphasis and internal quotes omitted). Stated plainly, this Court is prohibited from gleaning from acquittals an inference of any factual findings by the jury on the case. **Commonwealth v. Baker-Myers**, 255 A.3d 223, 235 (Pa. 2021)[5] (reiterating prior case law,

_____

[5] In **Baker-Myers**, our Supreme Court recognized a limited exception to this general rule when applied to a conviction for corruption of minors based on a Chapter 31 offense where the indictment alleged and the trial court specifically instructed the jury regarding the predicate Chapter 31 offense and the jury acquitted the defendant of those offenses. The High Court reasoned thusly:

> Although the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where, as here, the jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction

*(Footnote Continued Next Page)*

"although the defendant's 'murder and attempted murder acquittals may be logically inconsistent with his [possessing instruments of crime] conviction, in light of our enduring acceptance of inconsistent verdicts in Pennsylvania, the acquittals are not grounds for reversal of the defendant's . . . conviction.'") (cleaned up). This principle recognizes that a jury's decision to acquit may be due to leniency towards the defendant, a compromise among the jurors, or even a mistake. *Commonwealth v. Moore*, 103 A.3d 1240, 1246 (Pa. 2014). Thus, while Appellant argued that the inconsistent jury verdicts undermined the evidence that supported his conviction, that claim is meritless. *Baker-Myers*, 255 A.3d at 235 ("we do not disturb the longstanding principle permitting inconsistent verdicts or its corollary that

_____

> for felony corruption of minors cannot stand. In reaching this conclusion, we do not disturb the longstanding principle permitting inconsistent verdicts or its corollary that factual findings may not be inferred from a jury's acquittal. Instead, we simply recognize the **statute's unusual phrasing** has left it vulnerable to "idiosyncratic sufficiency challenges" [where the fact of the acquittal, rather than any inferences drawn from it, is the sole basis of finding an essential element of the offense missing.]

*Commonwealth v. Baker-Myers*, 255 A.3d 223, 235 (Pa.2021) (emphasis added) (cleaned up). This limited exception does not apply to the case at bar insofar as, unlike the corruption of minors offense outlined in 18 Pa.C.S. § 6301(a)(1)(ii), hindering apprehension and prosecution is not founded upon a predicate conviction as an element of the offense. Indeed, evidence of the aided person's conviction is **not** necessary. It is sufficient to present evidence that the defendant knows the person aided is liable to be charged with the underlying conduct. As discussed in the body of this memorandum, the Commonwealth presented evidence that Appellant understood Sweets was liable to be charged with third-degree murder when he opened fire on Sherfield and his associates.

factual findings may not be inferred from a jury's acquittal"). As the evidence exists to allow the jury to determine beyond a reasonable doubt each element of hindering apprehension and prosecution, Appellant's sufficiency claim fails.

For all the foregoing reasons, we find the evidence sufficient to sustain the conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2025