J-S49006-19

2019 PA Super 351

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

DANIEL M. PALCHANES,

Appellant

IN THE SUPERIOR COURT
OF
PENNSYLVANIA

No. 3451 EDA 2018

Appeal from the Judgment of Sentence Entered November 2, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001170-2018

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

OPINION BY BENDER, P.J.E.:                **FILED NOVEMBER 27, 2019**

Appellant, Daniel M. Palchanes, appeals from the judgment of sentence of 4 to 23 months' imprisonment, imposed after he was convicted of obstructing administration of law or other governmental function (18 Pa.C.S. § 5101).  Appellant challenges the sufficiency of the evidence to sustain his conviction.  We affirm.

The trial court provided the following factual background and procedural history in its Pa.R.A.P. 1925(a) opinion:

> On March 3, 2018, [Appellant] was pulled over by Hellertown Police Officer[,] Nicholas Szmodis for speeding.  Officer Szmodis observed Appellant to be under the influence of alcohol, and Appellant was eventually transferred to a DUI processing center.  After Appellant refused to submit to a blood draw, officers applied for, and were granted, a search warrant for Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

blood. Officers served the search warrant on Appellant, who again refused to provide a sample of his blood for testing.

The Commonwealth of Pennsylvania charged Appellant with driving under the influence [(75 Pa.C.S. § 3802(a)(1))], obstructing administration of law or other governmental function [(18 Pa.C.S. § 5101)], tampering with evidence [(18 Pa.C.S. § 4910(a)(1))], and related summary offenses. Before the trial commenced on October 29, 2018, the Commonwealth withdrew the charge of tampering with evidence. After a three–day trial, the jury returned a verdict of guilty on the charge of obstructing administration of law or other governmental function and a verdict of not guilty on the charge of driving under the influence. Based on the trial record, the undersigned found Appellant guilty of the summary offenses of speeding and no headlights.

The [trial court] sentenced Appellant on November 2, 2018. On the obstruction charge, the [c]ourt sentenced Appellant to imprisonment for a period of four to twenty-three months, with credit for time served. From this imposition of sentence, Appellant filed his [n]otice of [a]ppeal to the Superior Court on November 20, 2018. Subsequently, on November 28, 2018, this [c]ourt issued an [o]rder pursuant to [Pa.R.A.P.] 1925(b) … , directing Appellant to file of record and serve on the trial judge a concise statement of the errors complained of on appeal no later than twenty-one days from the date of said [o]rder.

Trial Court Opinion ("TCO"), 1/16/19, at 1-2.

On December 11, 2018, Appellant filed a timely Rule 1925(b) statement. Herein, Appellant presents the following sole issue for our review: "Was insufficient evidence presented [at] trial to support a guilty verdict to the offense of obstructing the administration of law?" Appellant's Brief at 4 (unnecessary capitalization omitted).

To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all

elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

The Crimes Code defines the offense of obstructing the administration of law or other governmental function as follows:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S. § 5101. Thus, the crime consists of two elements: 1) an intent to obstruct the administration of law; and 2) an act of "affirmative interference with governmental functions." *Commonwealth v. Gentile*, 640 A.2d 1309, 1312 (Pa. Super. 1994) (citation and internal quotation marks omitted).

Section 5101 is derived from Section 242.1 of the Model Penal Code, which is "designed to cover a broad range of behavior that impedes or defeats the operation of government." Model Penal Code § 242.1, Explanatory Note. It has been well-established that "[t]he interference need not involve physical contact with the government official as he performs his duties." *Commonwealth v. Johnson*, 100 A.3d 207, 216 (Pa. Super. 2014). *See also Commonwealth v. Matsrangelo*, 414 A.2d 54 (Pa. 1980) (upholding a

§ 5101 conviction based on the defendant's verbal abuse of a parking enforcement officer upon receiving a parking ticket, which then deterred the officer from subsequently performing her job); ***Commonwealth v. Snyder***, 60 A.3d 165 (Pa. Super. 2013) (finding evidence sufficient to support a § 5101 conviction where the defendant went to the home of another and informed that person police were intending to execute a search warrant at the residence).

Here, Appellant avers that the evidence admitted at trial was insufficient to uphold his conviction of obstructing the administration of law. Appellant's Brief at 15. Appellant insists that he "did not intentionally obstruct justice by refusing to submit to a needle stick blood draw following the execution and presentment of a search warrant." ***Id.*** He further argues that his conviction cannot be sustained because he was not informed that his actions would result in a charge of obstruction. Appellant states that the DL-26 form read to him by the officer at the DUI center informed him that the act of refusing the blood test would result in certain penalties, *i.e.*, the suspension of his driving privileges, and enhanced restoration fees for the return of his license following the suspension. ***Id.*** at 8-9, 15. He asserts, however, that the DL-26 form did not inform him "that should he refuse a request for a blood draw following the execution of [a] valid warrant, he would be subject to further criminal penalties, to wit: Obstructing the Administration of Law." ***Id.*** at 15. We deem Appellant's claim to be wholly without merit.

The record clearly indicates that, despite being presented with a valid search warrant by a uniformed police officer, Appellant refused to comply with the warrant and would not allow a blood draw to take place. "His refusal to submit to the lawfully ordered blood draw impeded Officer Szmodis' investigation of the DUI case. Thus, Appellant's intentional actions in refusing to allow a blood draw to occur interfered with the administration of law." Commonwealth's Brief at 9. Moreover, we agree with the Commonwealth that "whether Appellant knew his refusal to comply with the search warrant was a crime is irrelevant." *Id.* at 11.

> Pennsylvania courts have long held that ignorance of the law is no excuse. "It is not the duty of the police to explain the various sanctions available under a given law to an arrestee to give that individual an opportunity to decide whether it is worth it to violate that law." **Commonwealth v. Homer**, 928 A.2d 1085, 1090 (Pa. Super. 2007) (citations omitted); **see Commonwealth v. Johnson**, 188 A.3d 486, 491 (Pa. Super. 2018) (explaining that DUI defendant's ignorance of the law is no excuse).

*Id.* Accordingly, the police in the present case had no obligation to explain to Appellant that he was breaking the law by refusing to comply with the search warrant, and Appellant's ignorance is not a defense to his crime.

Moreover, the trial court noted:

> While … [75 Pa.C.S. § 3804] outlines penalties relating to DUI convictions,[1] neither [Section 3804] nor Supreme Court precedent prohibit the Commonwealth from separately charging a defendant with the additional crime of obstruction based on a failure to comply with a search warrant. **Birchfield** [**v. North Dakota**], 136 S. Ct. [2160,] 2172-73 (" … a State may make it a crime for a person to obstruct the execution of a valid search warrant"); **see also id.** at 2194 (Sotomayor, J., concurring in part, dissenting in part) ("[t]his Court has never cast doubt on the States' ability

to impose criminal penalties for obstructing a search authorized by a lawfully obtained warrant").

> [1] The penalties in this section apply to individuals who refuse a blood test and are also convicted of driving under the influence. Appellant was never convicted—and, thus, never sentenced—on the DUI charge.

TCO at 4.

In support of Appellant's conviction, the trial court further opined:

[N]ot only did the testimony presented at trial support this [c]ourt's decision to allow the jury to deliberate on the obstruction charge, but it also supported the ultimate guilty verdict.[3] As with any case, the jury was free to accept all, part, or none of the evidence presented in this matter, including a video from the DUI processing center. By means of their guilty verdict, the jury accepted the fact that Appellant had the requisite intent to obstruct or impair a governmental function, and did so by physical interference or obstacle. We cannot substitute the jury's judgment with our own. *See* [*Commonwealth v.*] *DiStefano*, 782 A.2d [574,] 582 [(Pa. Super. 2001)].

> [3] To aid the jury, this [c]ourt read, almost verbatim, the instructions found in Section 15.5101 of the Pennsylvania Suggested Standard Criminal Jury Instructions. *See* Pa. S.S.J.I. (Crim) § 15.5101; [N.T. Trial], 10/31/18, at 85-87.

Appellant was given ample opportunities—at a pre-trial conference, throughout trial, during sentencing, and again in his concise statement—to provide this [c]ourt with case law to support his argument that failing to comply with a valid search warrant cannot support a charge of obstructing a governmental function. Appellant provided no such authority, and this [c]ourt respectfully submits that the jury's verdict had sufficient factual and legal support.[4]

> [4] Recognizing that this [c]ourt is not bound by the law of other states, the following examples offer persuasive value for rejecting Appellant's arguments: *Illinois v. Kegley*, 2017 IL App. 4th 160461U (Ill. App. Ct. Jun. 2, 2017) (holding that the defendant intended to obstruct the prosecution by knowingly concealing his breath even after a valid search warrant had been issued); Conn. Gen. Stat.

> Ann. § 54-33d (criminalizing any person who resists or interferes with the execution of a search warrant); Fla. Stat. Ann. § 933.15 ("[w]hoever shall knowingly and willfully obstruct, resist or oppose any officer … in serving or attempting to serve or execute any search warrant … shall be guilty of a misdemeanor of the first degree"); N.J. Stat. Ann. § 33:1-63 (same).

*Id.* at 7 (citation to record omitted). Based on the foregoing, we conclude that the trial court properly found Appellant guilty of obstructing the administration of law for refusing to comply with the warrant for a blood draw.

Finally, we address Appellant's argument that his conviction cannot stand based on the holding in *Birchfield*, in which the Supreme Court held that a needle stick is too intrusive to proceed without a warrant. Appellant's Brief at 16-17. We deem Appellant's reliance on the *Birchfield* holding to be improper, because the facts are easily distinguishable from the instant case. As the trial court so aptly stated:

> The *Birchfield* decision analyzed the Fourth Amendment as it relates to state-level implied-consent laws aimed at combatting drunk driving. The Supreme Court compared two methods used to determine a motorist's blood alcohol concentration: breath tests and blood samples. In doing so, the Supreme Court held that the Fourth Amendment allows a warrantless breath test incident to an arrest for drunk driving. *Birchfield*, 136 S.Ct. at 2184. That same holding, however, cannot be applied to the more invasive blood test. *Id.* at 2184-85 ("… the search incident to arrest doctrine does not justify the warrantless taking of a blood sample") (emphasis added). As discussed during trial, the following critical adjective distinguishes *Birchfield* from the instant matter: warrantless.
>
> In the case at bar, officers applied for, and were granted, a search warrant for Appellant's blood. As the Supreme Court explained in *Birchfield*, applying for a warrant is proper procedure when an individual initially refuses to submit to a blood draw. *Id.* at 2183-85…. The instant record is remiss of any

challenge to the warrant's validity. Thus, Appellant's argument that this [c]ourt violated the mandates of ***Birchfield*** is unavailing, because Appellant's implied consent was never at issue, and Appellant never received criminal penalties for refusing to submit to a warrantless blood draw.

TCO at 3-4.

Based on our review of the facts in the light most favorable to the Commonwealth as the verdict winner, we uphold Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/19