J-A02008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM BEEZEL | : | |
| | : | |
| Appellant | : | No. 626 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 17, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000447-2022

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 29, 2024**

Appellant Robert William Beezel appeals from the judgment of sentence entered following his conviction for obstructing the administration of law.[1] Appellant argues that the trial court erred in dismissing his motion for *habeas corpus* following the preliminary hearing, contends that there was insufficient evidence to support the jury's guilty verdict for obstructing the administration of law, and claims that the trial court erred in dismissing his motion for judgment of acquittal. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On February 5, 2022, at approximately 9:01 p.m., Appellant was operating a motor vehicle in the Borough of Gettysburg and was stopped by Officer Shannon Hilliard (hereinafter "Officer Hilliard") of the Gettysburg Borough Police Department, following

_____

[1] 18 Pa.C.S. § 5101.

observation of violations of the Pennsylvania Motor Vehicle Code. Officer Hilliard repeatedly asked Appellant for his license, registration, and proof of insurance. Appellant initially did not comply and eventually provided Officer Hilliard with a United States Passport Card. During Officer Hilliard's initial contact with Appellant, Appellant was confrontational and argumentative.

Appellant was arrested for suspected driving under the influence of alcohol and transported to Gettysburg Hospital, where Appellant was read the DL-26B, implied consent warning. Appellant refused to submit to a blood draw.

Appellant was transported to the Gettysburg Police Station. Officer Hilliard prepared and presented a search warrant to an Adams County Magisterial District Judge to draw blood from Appellant for chemical testing. Upon approval of the search warrant, Officer Hilliard transported Appellant back to Gettysburg Hospital. Officer Hilliard explained the search warrant to Appellant. Officer Hilliard advised Appellant that if he did not comply with the search warrant he would be charged with obstruction of justice as a misdemeanor of the second degree. Appellant repeatedly stated "I do not consent" and also stated "This is a seizure of my blood given to me by God and not by government." Appellant was continually argumentative and uncooperative with Officer Hil[l]iard during this process. When the phlebotomist started the process to draw blood, Appellant again stated "I do not consent." Officer Hilliard treated Appellant's statements and actions as a refusal to submit to the blood draw and chose not to forcibly draw blood from Appellant. A video from Officer Hilliard's body cam was admitted, played for the jury and showed Appellant's interaction with Officer Hilliard at Gettysburg Hospital.

Appellant was charged with driving under the influence of alcohol,[FN1] obstructing administration of law or other governmental function,[FN2] registration and certificate of title required,[FN3] and driving on right side of roadway.[FN4]

[FN1] 75 Pa.C.S. § 3802(a)(1) as an ungraded misdemeanor.

[FN2] 18 Pa.C.S. § 5101 as a misdemeanor of the second degree.

[FN3] 75 Pa.C.S. § 1301(a) as a summary offense.

[FN4] 75 Pa.C.S. § 3301 as a summary offense.

- 2 -

Following jury trial on February 7, 2023, Appellant was found guilty on the charge of obstructing administration of law or other governmental function. This court found Appellant not guilty of driving under the influence of alcohol and guilty of the summary traffic violations.

On February 27, 2023, this court denied Appellant's motion for extraordinary relief pursuant to [Pa.R.Crim.P.] 606(A)(5) and 704(B). On April 17, 2023, this court sentenced Appellant to twenty-four months of probation on the obstructing administration of law or other governmental function conviction. . . .

Trial Ct. Op., 6/16/23, at 1-3 (some formatting altered).

Appellant filed a timely appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.[2]

On appeal, Appellant presents the following issue:

Did the jury err in rendering a guilty verdict for obstructing [the administration of law] despite not being supported by legally sufficient evidence?

Appellant's Brief at 4-5 (some formatting altered).[3]

_____

[2] The trial court sentenced Appellant on April 17, 2023, and Appellant filed his notice of appeal on April 26, 2023. In his notice of appeal, Appellant erroneously stated that the appeal was from the November 9, 2022 order dismissing his omnibus pretrial motion, the February 7, 2023 guilty verdict, and the February 27, 2023 order denying his post-trial motion for extraordinary relief. Notice of Appeal, 4/26/23. However, we note that in a criminal action, the appeal lies from the judgment of sentence. *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have amended the caption accordingly. *See id.* (correcting the caption where the appellant misstates from where the appeal lies).

[3] In his statement of questions presented, Appellant identifies two additional issues. Firstly, he challenges the trial court's denial of Appellant's motion for *habeas corpus* and the trial court's conclusion that there was sufficient evidence at the preliminary hearing to support a *prima facie* case. *See*
*(Footnote Continued Next Page)*

Appellant argues that the evidence was insufficient to sustain his conviction for obstructing the administration of law. Appellants' Brief at 12-15. In support, Appellant argues that the trial court erred in equating this case to *Commonwealth v. Palchanes*, 224 A.3d 58, 62 (Pa. Super. 2019), and he contends that *Palchanes* is distinguishable. *See id.* at 17. Specifically, Appellant asserts that in *Palchanes*, the appellant refused the blood draw, and in the instant case, while Appellant denied "consent," he did not "refuse" the blood draw. *See id.* at 17-18. Therefore, Appellant concludes that the Commonwealth failed to satisfy the elements of the crime of obstructing the administration of law beyond a reasonable doubt. *See id.* at 23.

The Commonwealth responds that Appellant's argument concerning the distinction between denying consent and refusal is meritless. *See* Commonwealth's Brief at 9-10. The Commonwealth argues that Officer Hilliard obtained a search warrant, and Appellant refused to submit to the lawful blood draw. *See id.* at 10. The Commonwealth argues that when

---

Appellant's Brief at 4-5. In his second issue, Appellant asserts that the trial court erred in dismissing his motion for extraordinary relief and judgment of acquittal. *See id.* at 5. However, contrary to the Pennsylvania Rules of Appellate Procedure, the argument section of Appellant's brief contains one part and challenges only the sufficiency of the evidence. *See id.* at 11-23; *see also* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We conclude that Appellant's issues concerning the preliminary hearing and the motion for extraordinary relief were abandoned, and therefore, they are waived on appeal. *See Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation and emphasis omitted)).

- 4 -

Appellant stated that he did not consent to the blood draw, he affirmatively stated his position that he was not willing to comply with the search warrant. *See id.* Therefore, the Commonwealth contends that Appellant's words and actions constituted a refusal of the blood draw and intent to obstruct the administration of law. *See id.*

Our standard of review for a challenge to the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [this] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Dixon*, 276 A.3d 794, 800 (Pa. Super. 2022) (citations omitted and formatting altered).

"A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle,

breach of official duty, or any other unlawful act[.]" 18 Pa.C.S. § 5101. "Thus, the crime consists of two elements: 1) an intent to obstruct the administration of law; and 2) an act of affirmative interference with governmental functions." *Commonwealth v. Gentile*, 640 A.2d 1309, 1312 (Pa. Super. 1994) (citation omitted and formatting altered).

"[S]ection 5101 includes intentional, albeit unsuccessful, attempts to influence, obstruct, or delay the administration of law." *Id.* (citation omitted and formatting altered). The interference is not required to involve physical contact with the government officials in the performance of their duties. *Commonwealth v. Johnson*, 100 A.3d 207, 215 (Pa. Super. 2014). This Court has held that a defendant's refusal to comply with a search warrant for a blood draw is sufficient to establish obstructing the administration of law. *See Palchanes*, 224 A.3d at 61-62.

Here, the trial court addressed Appellant's sufficiency claim as follows:

Appellant's conviction is supported by . . . *Palchanes*[.] The Superior Court in *Palchanes* stated:

The record clearly indicates that, despite being presented with a valid search warrant by a uniformed police officer, [the a]ppellant refused to comply with the warrant and would not allow a blood draw to take place. "His refusal to submit to the lawfully ordered blood draw impeded Officer Szmodis' investigation of the DUI case. Thus, [the a]ppellant's intentional actions in refusing to allow a blood draw to occur interfered with the administration of law."

*Id.* at 61. The [trial] court in *Palchanes* ruled:

[The a]ppellant was given ample opportunities — at [a] pre-trial conference, throughout trial, during sentencing, and again in his concise statement — to provide this [c]ourt with

- 6 -

case law to support his argument that failing to comply with a valid search warrant cannot support a charge of obstructing a governmental function. [The a]ppellant provided no such authority, and this [c]ourt respectfully submits that the jury's verdict had sufficient factual and legal support.

*Id.* at 62.

As in **Palchanes**, Officer Hilliard presented a valid search warrant to Appellant to obtain his blood for furtherance of Officer Hilliard's DUI investigation. During the attempt to draw blood from Appellant, Appellant was argumentative, uncooperative and continuously stated "I do not consent." Officer Hilliard credibly testified that he treated Appellant's statements and actions as a refusal and chose not to attempt to forcibly obtain blood from Appellant. The jury reviewed a video recording of the interaction with Appellant, Officer Hilliard and the phlebotomist. Such testimony and video evidence clearly supported the inference that Appellant intentionally refused to comply with the search warrant and would not allow a blood draw to take place. Such evidence is sufficient to support the conviction for obstruction of administration of law or other governmental function.

Trial Ct. Op., 6/16/23, at 6-7 (some formatting altered).

Following our review of the record, and in viewing this evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Appellant's conviction for obstructing the administration of law. **See Dixon**, 276 A.3d at 800; **Gentile**, 640 A.2d at 1312. As stated, Officer Hilliard obtained a search warrant for the blood draw, and he advised Appellant that if he did not comply, he would be charged with obstructing the administration of law. Trial Ct. Op., 6/16/23, at 2; N.T., 2/7/23, at 31-32. Appellant was argumentative and uncooperative, and when the phlebotomist attempted blood draw, Appellant repeated: "I do not consent." N.T., 2/7/23, at 32. Officer Hilliard testified that he concluded that

Appellant's statements and actions were a refusal to submit to the blood draw that he did not forcibly draw blood from Appellant's body. *Id.* at 32-35. Officer Hilliard further testified that by refusing the blood draw, Appellant impaired the investigation. *Id.* at 35. On this record, we agree with the trial court's conclusion that Appellant's words and actions refusing consent to the blood draw constituted an intentional refusal of the blood draw, and we discern no error in the trial court's finding that Appellant's intentional refusal of the blood draw obstructed the administration of law. *See Palchanes*, 224 A.3d at 61-62. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2024