J-S13008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                          : PENNSYLVANIA
                                                          :
                        v.                                :
                                                          :
                                                          :
BRUCE L. HAWK                               :
                                                          :
                  Appellant                       :      No. 1628 MDA 2024

Appeal from the Judgment of Sentence Entered September 24, 2024
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003198-2022

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: APRIL 24, 2025**

Bruce L. Hawk appeals from the judgment of sentence entered on September 24, 2024, for his convictions of interception, disclosure or use of wire, electronic or oral communications and obstructing administration of law or other governmental function.[1] Hawk's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) ("**Anders** brief"), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

We glean the following facts from the certified record. Corporal Phillip Cyphers was at the Berks County Courthouse on July 19, 2022. Corporal Cyphers was the affiant who charged Hawk with driving under the influence

---

[1] 18 Pa.C.S.A. §§ 5703(1), and 5101, respectively.

("DUI")[2] and was in court that day for a bench trial on that matter. Hawk had not procured counsel at that time. Assistant District Attorney Michael Schoen ("ADA Schoen") was the assigned prosecutor for the DUI case against Hawk. ADA Schoen informed Corporal Cyphers that Hawk needed to sign waiver of counsel paperwork and asked Corporal Cyphers to accompany him to talk with Hawk about the paperwork. Corporal Cyphers and ADA Schoen proceeded to the hallway outside the courtroom and spoke with Hawk, who refused to sign the paperwork. As ADA Schoen had other matters to deal with inside the courtroom, ADA Schoen and Corporal Cyphers went back into the courtroom and left Hawk in the hallway.

After some time, ADA Schoen and Corporal Cyphers went back into the hallway to speak with Hawk. During this conversation, Corporal Cyphers observed a red light within Hawk's paperwork and asked Hawk if he was recording. Hawk readily admitted to recording their conversations. In this hallway, there are signs indicating "no audio/video recording allowed." N.T. Trial, 5/21/24, at 22. Neither Corporal Cyphers nor ADA Schoen was aware of the recording prior to Corporal Cyphers observing the red light and asking Hawk if he was recording. Further, neither Corporal Cyphers nor ADA Schoen gave Hawk permission to record their conversation.

---

[2] 75 Pa.C.S.A. § 3802.

ADA Schoen and Corporal Cyphers stepped away and discussed how to proceed. Ultimately, it was determined that the recorder needed to be seized before Hawk left the courthouse. Corporal Cyphers again approached Hawk and asked Hawk, five or six times, to turn over the recorder. Hawk refused and announced his intention to leave the courthouse. At that time, Corporal Cyphers, along with multiple sheriffs assigned to the courthouse, stopped Hawk from leaving. This interaction turned physical and Corporal Cyphers and the sheriffs had to restrain Hawk from leaving the courthouse. Hawk continued to refuse to turn over the recorder and refused to tell Corporal Cyphers or the sheriffs where he hid it. Corporal Cyphers found the recorder in Hawk's pocket, still recording.

Trooper Markus Schneiderhan obtained a search warrant so he could download the contents of the recorder. Over 30 files were found on the recorder, including calls with courthouse staff, the conversations held on July 19, 2022 in the hallway of the courthouse, and multiple courtroom proceedings. During trial, three of the recordings were admitted into evidence and played for the jury.[3] The first two recordings were from July 19, 2022 and included the conversations between Hawk, ADA Schoen, and Corporal Cyphers and the struggle induced by Hawk's refusal to turn over the device and

---

[3] These recordings, although made part of the record in the trial court, were not included in the certified record provided to this Court.

attempts to leave the courthouse. The third recording was a call Hawk made to ADA Schoen where they discussed a pending hearing and Hawk's request for a continuance. ADA Schoen testified Hawk did not tell him he was recording the phone call, nor did ADA Schoen ever give Hawk his consent to record the phone call.

Hawk testified in his own defense and admitted to making the recordings. He claimed these were his "notes." N.T. Trial, 5/21/24, at 59, 61. Hawk believed he had a right to record the conversations so long as he did not share the recordings with anyone else.[4]

Hawk proceeded to trial on May 21, 2024. The jury found Hawk guilty as noted above. During deliberations, Hawk left the courthouse and refused to return for the verdict. The trial court accepted the verdict in absentia. On September 24, 2024, the trial court sentenced Hawk to 9 to 23 months' incarceration to be followed by 2 years' probation. Hawk filed a timely notice of appeal and counsel complied with the trial court's order to file a Rule 1925(b) statement by filing a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

Since counsel filed an *Anders* brief, "we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed

---

[4] Specifically, Hawk testified "I mean, it was all just for notes. I didn't do nothing. I didn't disseminate it, I didn't share it with nobody, you know, all the things that would make it illegal." N.T. Trial, 5/21/24, at 61.

counsel must meet before leave to withdraw may be granted."
***Commonwealth v. Weitzel***, 304 A.3d 1219, 1223 (Pa. Super. 2023)
(citations omitted).

> To withdraw from representing a convicted defendant on
> direct appeal on the basis that the appeal is frivolous, counsel
> must: (1) petition the court for leave to withdraw stating that he
> has made a conscientious examination of the record and has
> determined that the appeal would be frivolous; (2) file a sufficient
> ***Anders*** brief; and (3) provide a copy of the ***Anders*** brief to the
> defendant and advise the defendant of his right to retain new
> counsel or proceed pro se and raise any additional points that he
> deems worth of the court's attention. An ***Anders*** brief must
> comply with all the following requirements:

>> The ***Anders*** brief must (1) provide a summary of the
>> procedural history and facts, with citations to the
>> record; (2) refer to anything in the record that counsel
>> believes arguably supports the appeal; (3) set forth
>> counsel's conclusion that the appeal is frivolous; and
>> (4) state counsel's reasons for concluding that the
>> appeal is frivolous. Counsel should articulate the
>> relevant facts of record, controlling case law, and/or
>> statutes on point that have led to the conclusion that
>> the appeal is frivolous.

> If counsel has satisfied the above requirements, it is then
> this Court's duty to conduct its own review of the trial court's
> proceedings and render an independent judgment as to whether
> the appeal is wholly frivolous.

***Id.*** at 1223-24 (citations, ellipsis, italics, and brackets omitted).

Counsel filed a petition to withdraw explaining he reviewed the record
and determined the appeal is frivolous. ***See*** Application to Withdraw as
Counsel, 1/21/25, at 1. Counsel filed an ***Anders*** brief that provides a
summary of the procedural history and facts, including citations to the record,
and sets forth counsel's conclusion and reasons for concluding the appeal is

- 5 -

frivolous. *See Anders* Brief, at 5-12. Counsel articulates the relevant facts of record and statutes on point. *See id.* at 11-12. Finally, counsel provided a copy of the *Anders* brief to Hawk and notified him that he has the right to retain private counsel or to proceed pro se and raise any additional points he deems worthy of the Court's attention. *See* Application to Withdraw as Counsel, 1/21/25, at Exhibit. Hawk has not filed a response. As counsel complied with the dictates of *Anders* and its progeny, we will conduct an independent review of the record to determine if the appeal is wholly frivolous.

Counsel raises one claim:

Whether the evidence presented at trial was sufficient to convict [Hawk] of Count 1 — interception, disclosure, or use of wire, electronic, or oral communication, 18 Pa.C.S.A. § 5703(1), and Count 4 — obstructing administration of law or other governmental function, 18 Pa.C.S.A. § 5101[?]

*Anders* Brief, at 5 (unnecessary capitalization omitted).

We begin with our scope and standard of review:

[I]n reviewing sufficiency of evidence claims, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all the elements of the offense. Additionally, to sustain a conviction, the facts and circumstances which the Commonwealth must prove, must be such that every essential element of the crime is established beyond a reasonable doubt. Admittedly, guilt must be based on facts and circumstances proved, and not on suspicion or surmise. Entirely circumstantial evidence is sufficient so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The fact

- 6 -

finder is free to believe all, part, or none of the evidence presented at trial.

***Commonwealth v. Cline***, 177 A.3d 922, 925 (Pa. Super. 2017) (brackets and citation omitted).

Counsel raises a sufficiency of the evidence challenge. Hawk was convicted of interception, disclosure or use of wire, electronic or oral communications under subsection 5703(1), which provides, in pertinent part:

> Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:
>
>> (1) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication[.]

18 Pa.C.S.A. § 5703(1). "Intercept" is defined as "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S.A. § 5702. "Aural transfer" is defined as "[a] transfer containing the human voice at any point between and including the point of origin and the point of reception." ***Id.*** "Electronic, mechanical or other device" is defined as:

> Any device or apparatus, including, but not limited to, an induction coil or a telecommunication identification interception device, that can be used to intercept a wire, electronic or oral communication other than:
>
>> (1) Any telephone or telegraph instrument, equipment or facility, or any component thereof, furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business, or furnished by such subscriber or user for connection to the facilities of such service and used in

- 7 -

the ordinary course of its business, or being used by a communication common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties.

(2) A hearing aid or similar device used to correct subnormal hearing to not better than normal.

(3) Equipment or devices used to conduct interceptions under section 5704(15) (relating to exceptions to prohibition of interception and disclosure of communications).

*Id.* "Oral communication" is defined as "[a]ny oral communication uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." *Id.* And finally, "wire communication" is defined as:

Any aural transfer made in whole or in part through the use of facilities for the transmission of communication by wire, cable or other like connection between the point of origin and the point of reception, including the use of such a connection in a switching station, furnished or operated by a telephone, telegraph or radio company for hire as a communication common carrier.

*Id.*

Hawk's recorder clearly meets the definition of "electronic, mechanical or other device" as it can be used, and was used, to intercept wire and oral communications. *See id.* The phone call Hawk recorded between himself and ADA Schoen meets the definition of "wire communication" as it was transmitted either through wire, cable or another similar connection. *See id.*; *Commonwealth v. Deck*, 954 A.2d 603, 609 (Pa. Super. 2008) (holding telephone conversations are wire communications). The conversations

recorded in the hallway inside the courthouse, where signs were posted advising patrons that they may not record, are "oral communications" as both ADA Schoen and Corporal Cypher had an expectation that their communications would not be subject to interception. ***See id***; ***Commonwealth v. Smith***, 136 A.3d 170, 174 (Pa. Super. 2016) (holding surreptitious recording of a conversation is a violation of the wiretap act).

Hawk's belief he could record the conversations so long as he did not disseminate them is no defense, as "[i]t is well-settled that mistake of law is not a defense." ***Commonwealth v. Bradley***, 232 A.3d 747, 759 (Pa. Super. 2020) (citations omitted). "Generally speaking, ignorance or mistake of law is no defense." 18 Pa.C.S.A. § 304 cmt (citation omitted). We find counsel correctly determined this claim to be frivolous.

Next, counsel articulates a sufficiency of the evidence challenge to Hawk's conviction of obstructing administration of law or other governmental function pursuant to section 5101:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S.A. § 5101.

Obstruction therefore has two elements: "1) an intent to obstruct the administration of law; and 2) an act of affirmative interference with governmental functions." *Commonwealth v. Palchanes*, 224 A.3d 58, 60 (Pa. Super. 2019) (internal quotation marks and citation omitted). "[T]he interference need not involve physical contact with the government official as he performs his duties." *Id.* (citations omitted).

Hawk, after a lawful request to turn over his recorder, refused multiple times. *See* N.T. Trial, 5/21/24 at 23. Hawk then announced his intention to leave the courthouse and went to walk away from Corporal Cyphers. *See id.* at 23-24; 70. Fearing the recorder or its contents would be destroyed, Corporal Cyphers physically restrained Hawk. *See id.* at 24. This required the help of multiple sheriffs. *See id.* Hawk then continued to refuse to provide the location of the recorder, requiring Corporal Cypher to search Hawk's person. *See id.* at 24, 72. Hawk's actions show his intent to obstruct the administration of law by refusing the order to turn over the recorder. Hawk then committed an act of affirmative interference by his attempts to leave the courthouse, which required the corporal and sheriffs to physically restrain him and search his person for the recorder. Hawk's claim to the contrary is frivolous.

After our own independent review, we conclude there are no non-frivolous issues in the certified record. Therefore, we agree with counsel that the appeal is wholly frivolous and grant his request to withdraw.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2025