J-S34019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANDERSON E. MCFARLAND | : | |
| Appellant | : | No. 108 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 18, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002771-2022

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: JANUARY 5, 2026**

Anderson E. McFarland ("McFarland") appeals the judgment of sentence entered following his conviction for obstructing the administration of law or other governmental functions.[1]  Because his challenge to the sufficiency of the evidence is meritless, we affirm.

The trial court set forth the factual and procedural history as follows:

> On May 8, 2022, around 2:30 a.m., Trooper Jose Garcia [("Trooper Garcia")] was patrolling the area of East Market Street [in Springettsbury Township, York County] when he observed a white Lincoln SUV make a wide right-hand turn to enter the left lane when the right lane was readily accessible.  [Trooper Garcia] beg[an] to follow the vehicle and observe[d] it cutting off another vehicle on the roadway to make a left-hand turn.  At this time, [Trooper Garcia] informed his midnight partner, Trooper Jose Koe [("Trooper Koe")], that he would be initiating a traffic stop of the vehicle.  After initiating a traffic stop of the vehicle, [Trooper Garcia] approached the vehicle and made contact with the driver

---

[1] **See** 18 Pa.C.S.A. § 5101.

(later identified as [McFarland]), who was unable[,] and refused[,] to provide his driver's license, the registration, or the insurance for the vehicle. [Trooper Garcia] detected a strong odor of alcohol and marijuana emanating from the vehicle and [McFarland. Trooper Garcia] made several demands for [McFarland] to exit the vehicle, all of which [McFarland] ignored. [Trooper Garcia] then informed [McFarland] that he would be forcibly removed if he did not comply with their orders. [McFarland] did not exit the vehicle and was removed from the vehicle by the officers.

After [McFarland] was outside of the vehicle, [Trooper Garcia] instructed him to place his hands on the hood of his patrol car and to spread his feet so that he could be patted down for officer safety[; McFarland] failed to comply with the orders. At this time, [Trooper Garcia] made the decision not to continue with field sobriety tests, due to the weather conditions and [McFarland's] disregard for the officers' orders. The officers then ran the registration. The vehicle was registered to a female owner and came back as stolen. [Trooper] Koe then placed [McFarland] in the vehicle. [Trooper Garcia] assisted in buckling [McFarland] into the seat, at which time [McFarland] began to slouch over into the patrol vehicle.

After [McFarland] was secured in the patrol vehicle, [Trooper Garcia] began an inventory search of the vehicle prior to it being towed. [Trooper Garcia] removed [McFarland's] belongings from the vehicle and his person and placed them into a police evidence bag. [Troopers Garcia and] Koe then left the scene with [McFarland] in the back of the patrol vehicle and headed to the booking center. When the officers arrived at the booking center, [Trooper Garcia] read the "DL-26B Form" to [McFarland]. This standard form advises defendants of their rights, including that they are under arrest, that there are terms and conditions of refusing to consent to a blood draw[,] and that they may owe a restitution fee. The terms and conditions of refusal include the suspension of operating privileges for at least [twelve] months and a restoration fee of $2,000 to have operating privileges restored. Following the reading of [McFarland's] rights, [Trooper Garcia] asked [McFarland] if he understood his rights[] and asked whether [McFarland] would submit to a blood test. [McFarland] failed to answer. [Trooper Garcia considered McFarland's] failure to answer . . . a refusal of the blood test, and [Trooper Garcia] then applied for a search warrant for the contents of [McFarland's] blood. The search warrant was later

granted and signed by a [j]udge. After [Trooper Garcia] obtained the warrant, he again asked [McFarland] if he would submit to a blood test. [McFarland] failed to answer. [McFarland's blood was not drawn. McFarland] was subsequently charged with [several offenses, including obstruction, driving under the influence of alcohol or a controlled substance, and driving with a suspended license.]

\* \* \* \*

[McFarland moved for suppression, and i]n January [] 2023, [the court held a hearing and thereafter] dismissed [McFarland's] suppression motion in its entirety based on the facts presented, including [Trooper Garcia's] bodycam footage.

\* \* \* \*

[I]n December [] 2024, after a two-day jury trial, [McFarland] was found guilty of obstructing administration of law or other governmental function and . . . not guilty of driving under the influence of alcohol or a controlled substance.[2] [The guilty verdict was based on an instruction which included, in part, that the act in violation of the law was refusal to provide a sample of his blood after a lawfully issued search warrant was given to him. *See* N.T., 12/17-18/24, at 218-19. That same day, McFarland was sentenced for the obstruction conviction to two years of probation and payment of costs.]

. . . [McFarland] . . . filed a [timely] notice of appeal to [this Court.]

Trial Court Opinion, 3/18/25, at 1-5 (unnecessary capitalization omitted).

Both McFarland and the trial court complied with Pa.R.A.P. 1925.

McFarland raises the following issue for our review:

Was the evidence insufficient to sustain . . . McFarland's obstruction conviction because his silence[,] when asked if he would comply with a search warrant[,] did not constitute "affirmative interference" with governmental functions and was,

_____

[2] *See* 75 Pa.C.S.A. § 3802(a)(1).

at most, a failure to perform a legal duty that is exempted from the reach of the statute?

McFarland's Brief at 4.

McFarland's issue challenges the sufficiency of the evidence sustaining his conviction for obstruction. This Court reviews the sufficiency of the evidence under the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt . . . . **When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.**

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa. Super. 2017) (citation omitted). In reviewing a sufficiency claim, this Court has also acknowledged:

> we may not weigh the evidence and substitute our judgment for [that of] the fact-[]finder . . . . The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted). A reviewing court "evaluate[s] the entire trial record and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence." *Commonwealth v. Nixon*, 801 A.2d 1241, 1243 (Pa. Super. 2002).

The Crimes Code defines obstruction as follows:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S.A. § 5101. "Thus, the crime consists of two elements: 1) an intent to obstruct the administration of law; and 2) an act of 'affirmative interference with governmental functions.'" *Commonwealth v. Palchanes*, 224 A.3d 58, 60 (Pa. Super. 2019) (quoting *Commonwealth v. Gentile*, 640 A.2d 1309, 1312 (Pa. Super. 1994)); *see also Commonwealth v. Williams*, 331 A.3d 556, 578 (Pa. 2025).

McFarland argues the evidence failed to prove his actions met the requirements of Section 5101, that is, his silence when faced with a valid warrant did not constitute affirmative interference. He argues his silence was "at most" a "fail[ure] to comply with the legal duty created by the search warrant—an action that is specifically exempted by the reach of [Section 5101,]" and that the Commonwealth failed to prove his silence was refusal. McFarland's Brief at 1, 12.

The trial court considered McFarland's argument and concluded it merited no relief. The court explained:

In this case, there was testimony as to a pattern of obstructionist behavior by [McFarland] . . . . Once the officers arrived at the booking center with [McFarland], he was read his rights. When [Trooper Garcia] asked [McFarland] if he understood his rights and whether [McFarland] would submit to a blood test[, McFarland]

again refused to answer. After [Trooper Garcia] obtained a search warrant for [McFarland's] blood, he again asked [McFarland] if he would submit to a blood test. [McFarland again] failed to answer.

* * * *

From the pattern of obstructionist behavior shown by the testimony presented to the jury, the jury could infer [McFarland's] intent.

*Id*. at 9-10.

Under the record facts here, **and** viewing the evidence—as our standard of review requires—in the light most favorable to the Commonwealth as verdict winner, we conclude that McFarland's silence in the context of his prior non-compliant behavior effectively constituted a refusal to comply with the blood draw pursuant to the search warrant and thereby affirmatively interfered with a government function. This Court has previously held that refusal to comply with a valid blood draw warrant constitutes affirmative interference with a government function. *See Commonwealth v. Beezel*, No. 626 MDA 2023, 2024 WL 2747717 (Pa. Super. May 29, 2024) (non-precedential memorandum decision at *4), *appeal denied*, 329 A.3d 587 (Pa. 2024) (affirming obstruction conviction where the appellant did not comply in the face of a blood draw warrant)[3]; *Palchanes*, 224 A.3d at 62 (same); *cf*. *Commonwealth v. Sow*, 333 A.3d 698, 703 (Pa. Super. 2025) (rejecting a challenge to a jury instruction concerning whether the officer was required to

---

[3] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

show the warrant to the defendant prior to the blood draw and affirming the obstruction conviction where the appellant refused to comply with a properly obtained blood draw warrant).[4]

We note that McFarland does not contest the sufficiency of the evidence to prove his intent. *See* McFarland's Brief at 23 ("McFarland has not challenged the evidence in support of the intent element of his conviction; rather, the challenge concerns the absence of affirmative interference"). As such, the only question is whether his silence constituted an affirmative refusal to comply with the warrant.[5] However, we have previously held that

_____

[4] We acknowledge *Beezel*, *Palchanes*, and *Sow* have not expressly dealt with silence. However, section 5101 is derived from section 242.1 of the Model Penal Code and includes a vast range of behavior. *See Palchanes*, 224 A.3d at 60 (explaining section 242.1 is "designed to cover a broad range of behavior that impedes or defeats the operation of government."). McFarland has advanced no applicable case law excluding continued silence as a form of refusal.

[5] McFarland concedes "affirmative" is not defined in the obstruction statute or the Crimes Code. While he cites to caselaw to support his proposed definition—from which he concludes that silence is passive—we do not find any of these cases applicable. For example, McFarland cites *Berghuis v. Thompson*, 560 U.S. 370 (2010), but that case involved the right to remain silent and held that silence failed to invoke that right. McFarland also cites *Montanya v. McGonegal*, 757 A.2d 947 (Pa. Super. 2000), but that was a civil case that held silence was not an affirmative act of concealment to toll the statute of limitations. Likewise, McFarland's citations to the Third Circuit Court of Appeals, United States District Court for the Middle District of Pennsylvania, and Commonwealth Court are not binding on this Court. *See Commonwealth v. Daniels*, 104 A.3d 267, 294 (Pa. 2014) (explaining "[w]e need not engage the parties' reliance upon decisional law from other jurisdictions, including the Third Circuit U.S. Court of Appeals, because those cases do not control."); *Commonwealth v. Bowers*, 185 A.3d 358, 362 n.4
*(Footnote Continued Next Page)*

affirmative interference need not include a physical act. ***See Commonwealth v. Johnson***, 100 A.3d 207, 215 (Pa. Super. 2014). Indeed, it includes deterring an officer from performing their duties. ***See Commonwealth v. Mastrangelo***, 414 A.2d 54, 60 (Pa. 1980).[6] Here, after several instances of non-compliant behavior, when asked to submit to a blood draw pursuant to a warrant, McFarland continued his obstructionist actions by choosing to remain silent, and thereby refusing the draw, rather than submit.[7]

For the reasons stated above, we hold the evidence, and all reasonable inferences therefrom—in the light most favorable to the Commonwealth—established that McFarland's silence in the face of the warrant for a blood draw, in the context of his non-compliant behavior preceding the warrant,

---

(Pa. Super. 2018) (explaining Commonwealth Court decisions are persuasive but not binding upon this Court).

[6] Additionally, McFarland concedes "silence has been equated with refusal of testing in the implied consent context" but attempts to distinguish this situation by explaining the consequences for this silence are strictly civil in nature. McFarland's Brief at 14, 16-17. We find McFarland's argument in this respect to miss the point. It is not McFarland's silence, *per se*, that is at issue, but whether the evidence was sufficient for the fact-finder to conclude that McFarland refused to comply with the warrant for his blood. As discussed above, his silence occurred against a backdrop of non-compliant behavior, from which the fact-finder could conclude that his silence was a continuation of that non-compliance in the face of the warrant.

[7] As noted above, McFarland does not challenge the evidence supporting the requisite *mens rea*; neither does he argue that he was incapable of responding to Trooper Garcia or otherwise acknowledging the Trooper's presentation of the warrant.

constituted a refusal to comply with the warrant. Thus, McFarland's sufficiency challenge merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026